**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**PEGGY BATTLES**                                                                                          **PLAINTIFF**

v.                               **CASE NO.: 5:10-cv-00269 BSM**

**THOMPSON HOSPITALITY**                                                              **DEFENDANT**

**ORDER**

Thompson Hospitality ("Thompson") moves [Doc. No. 36] to strike the jury demand made in its original answer [Doc. No. 10]. Peggy Battles objects [Doc. No. 40]. For the reasons set forth below, Thompson's motion [Doc. No. 36] to strike the jury demand is DENIED.

On September 9, 2010, Peggy Battles filed a *pro se* complaint [Doc. No. 2] against Thompson, alleging age discrimination. Thompson answered on November 8 [Doc. No. 10], making a proper jury demand in its answer. On November 24, Thompson amended its answer [Doc. No. 14]. This amended answer, among many other changes, did not contain a jury demand. Thompson now moves to strike the jury demand, contending that its amended answer completely supersedes all aspects of its original answer, including the jury demand.

Federal Rules of Civil Procedure 38 and 39 each state that a proper jury demand may be withdrawn only if the parties consent. Thompson, however, contends Rules 38 and 39 are in conflict with Rule 15, which provides a party with a single opportunity to amend a pleading without seeking leave from the court or the opposing party's consent. Normally, when a party amends its pleading, the amended pleading completely supercedes the original

pleading, making the original pleading "dead letter." *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). According to Thompson, when it left the jury demand out of its amended answer, the demand should have been rendered "dead letter" along with the rest of the complaint. This would place Rule 15 in direct conflict with Rules 38 and 39, by allowing a party to unilaterally withdraw a properly made and served jury demand.

Thompson's argument is mistaken: there is no apparent conflict between Rule 15 and Rules 38 and 39. Rule 38(b)(1) allows a party to make a jury demand by "serving the other party with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issues is served." This rule allows a party to include a jury demand in a responsive pleading, but it does not make the demand part and parcel of the pleading. The jury demand is separate from the averments of the pleadings, and a proper jury demand will survive subsequent amendments to the extent that no new issues are asserted. Likewise, once the right to a jury trial is waived, it is not immediately resurrected by an amended pleading. *Irvin v. Airco Carbide*, 837 F.2d 724, 726 (6th Cir. 1978).

In the alternative to its Rule 15 theory, Thompson contends that it had a grace period of fourteen days plus time for service to withdraw its jury demand unilaterally. *See Reid Brothers Logging Co. v. Ketchikan Pulp Co.*, 699 F.2d 1292, 1304 (9th Cir. 1983). Thompson points out that its amended complaint was filed seventeen days after the original complaint, which fits within this grace period (allowing the normal three days for service).

There is, however, no need to decide if such a grace period exists because Thompson's amended answer did not properly withdraw the jury demand. Once Thompson

invoked its right to a jury trial, it needed to make some explicit showing of waiver on the record. Rule 39 requires that the parties or their attorneys either file a stipulation of non-jury trial or otherwise stipulate the waiver on the record. Leaving a jury demand out of a dramatically changed, amended complaint is simply not enough to put the court and the other parties on notice of waiver and does not satisfy the requirements of Rule 39.

As such, Thompson's motion [Doc. No. 36] to strike the jury demand is DENIED.

IT IS SO ORDERED this 6th day of July 2011.

_____
UNITED STATES DISTRICT JUDGE